IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Hailei Joe,<br><br>          Plaintiff,<br><br>v.<br><br>Olive Branch Assisted Living LLC,<br><br>          Defendant. | No. CV-23-02154-PHX-JJT<br><br>**ORDER** |

At issue is Plaintiff Hailei Joe's Motion for Reconsideration (Doc. 121, Mot.), in which Plaintiff disagrees with the Court's decision to grant Defendant Olive Branch Assisted Living LLC summary judgment as to Plaintiff's retaliation claims and prayer for punitive damages (Doc. 117, Summary Judgment ("SJ") Order). Defendant filed a Response (Doc. 123) without leave of Court in contravention of Local Rule of Civil Procedure 7.2(g), and Plaintiff filed no objection or Reply thereto.

Brought under Local Rule 7.2(g) in this District, motions for reconsideration are generally disfavored and should be granted only in rare circumstances. *See Ross v. Arpaio*, No. CV 05-4177-PHX-MHM (ECV), 2008 WL 1776502, at *2 (D. Ariz. Apr. 15, 2008) (citing *Defenders of Wildlife v. Browner*, 909 F. Supp. 1342, 1351 (D. Ariz. 1995)). Disagreement with an order is an insufficient basis for reconsideration. *See id.* (citing *Leong v. Hilton Hotels Corp.*, 689 F. Supp. 1572, 1573 (D. Haw. 1988)). Reconsideration is only appropriate if: (1) the court is presented with newly discovered, previously unavailable evidence; (2) the court committed a clear error of law and the initial decision

1  was manifestly unjust; or (3) there has been an intervening change in controlling law. *Sch.*
2  *Dist. No. 1J, Multnomah Cnty., Or. v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993).

3  Plaintiff contends the Court erred in granting Defendant summary judgment as to her retaliation claims because the Court concluded that Defendant's defamation counterclaim was not frivolous without allowing Plaintiff to raise a question of fact regarding whether Defendant's counterclaim was pretextual. (Mot. at 7.) This is not a new proposition raised by Plaintiff; the Court already considered it in resolving the summary judgment cross-motions. As stated in the summary judgment Order, the Court based its decision on the answer to a different question: whether Plaintiff suffered a "distinct and palpable injury" resulting from Defendant's counterclaim and the aggressive litigation language from Defendant's former counsel as required to establish a claim for unlawful retaliation. (SJ Order at 12 (citing *Brown v. City of Tucson*, 336 F.3d 1181, 1193 (9th Cir. 2003).) Based on the evidence of statements made by Plaintiff and her counsel to the Phoenix New Times, the Court found Defendant's counterclaim was not frivolous on its face and Plaintiff thus did not suffer the requisite injury to bring retaliation claims. (SJ Order at 12–13.) Moreover, the litigation privilege Plaintiff asserted as to those statements did not apply. (SJ Order at 13–14.) Nothing in Plaintiff's Motion for Reconsideration changes the Court's prior analysis, and indeed the Motion is a rehashing of arguments Plaintiff already made in the summary judgment briefing.

Plaintiff also asks the Court to reverse its decision dismissing her prayer for punitive damages because she would otherwise suffer a "manifest injustice." (Mot. at 9.) But, as the Court stated in the summary judgment Order, Plaintiff's only evidence of the requisite "reckless indifference" or "evil mind" is Defendant's Policies and Procedures Manual, which is insufficient for a reasonable juror to find that the Arizona or federal standard for punitive damages is met. In short, Plaintiff has not proffered sufficient evidence to warrant seeking punitive damages before a jury.

27  . . .

28  . . .

**IT IS THEREFORE ORDERED** denying Plaintiff's Motion for Reconsideration (Doc. 121).

Dated this 16th day of September, 2025.

Honorable John J. Tuchi
United States District Judge